UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK M. BARREPSKI, JR. )
and CARRIE M. BARREPSKI, )
         Plaintiffs )
)
)
)
        v. )   Civil Action No. 09-11419-MAP
)
)
CAPITAL ONE BANK and EXPERIAN, )
         Defendants )

REPORT AND RECOMMENDATION WITH REGARD TO
CAPITAL ONE BANK'S MOTION TO DISMISS (Document No. 2)
June 18, 2010

NEIMAN, U.S.M.J.

Proceeding *pro se*, Frank and Carrie Barrepski ("Plaintiffs") have sued Capital One Bank (U.S.A.), N.A. ("Defendant") for credit reporting violations in two counts of their four-count complaint.[1] Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss these counts for failing to state claims upon which relief may be granted, which motion has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). For the reasons described below, the court will recommend that Defendent's motion be allowed.

I. STANDARD OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the allegations of the complaint as true, drawing all reasonable

---

[1] The other two counts target a co-defendant, Experian.

inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002). The Supreme Court has held, however, that only a complaint that "state[s] a claim to relief that is plausible on its face" will survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II. BACKGROUND

For present purposes, the following background comes directly from Plaintiffs' complaint as well as from several undisputedly authentic public records referred to therein. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (noting that such documents may properly be considered on a motion to dismiss without converting it into one for summary judgment). In January of 2009, Defendant instituted a collection action against Mr. Barrepski, seeking repayment of a $539.16 debt. (Compl. ¶ 1; Decl. David Brooks, Ex. A.) In response, Mr. Barrepski filed a counterclaim alleging improper collection efforts by Defendant. (Compl. ¶ 2; Decl. David Brooks, Ex. B.) In due course, the parties executed a stipulation of dismissal, with prejudice, of both the collection action and Mr. Barrepski's counterclaim. (Compl. ¶¶ 3-4; Decl. David Brooks, Ex. C.)

In July of 2009, Plaintiffs filed this lawsuit in state court in which they make a variety of factual assertions as to what Defendant purportedly did -- or more precisely did not do -- with regard to Mr. Barrepski's consumer credit report following the

stipulation of dismissal. Specifically, Plaintiffs assert that Defendant failed to take certain actions vis-a-vis Experian, a credit reporting agency, which inaction caused Plaintiffs to be denied a mortgage for which they applied in June of 2009. (Compl. ¶¶ 5-24.) Plaintiffs also allege that Defendant's inaction caused them to suffer emotional distress. (*Id.* ¶ 25.)

As noted, only two counts of Plaintiffs' complaint target Defendant. In Count I, Plaintiffs allege that Defendant's "failure to remove the false entry of the alleged debt from Mr. Barrepski's consumer [credit] report violated [section] 1681s-2 of the Fair Credit Reporting Act [('FCRA')]," *i.e.*, 15 U.S.C. § 1681s-2. (*Id.* ¶ 27.) In Count II, Plaintiffs allege that Defendant's inaction also violated Mass. Gen. L. ch. 93, § 54A, and constituted state-law defamation as well. (*Id.* ¶¶ 30, 31.)

Following Defendant's removal of the action to this forum (see Doc. No. 1), as well as some preliminary skirmishing regarding whether Defendant should be defaulted and/or precluded from seeking dismissal because of its alleged tardiness in responding to Plaintiffs' complaint (see Doc. Nos. 6-10), Defendant's motion was referred to this court. Shortly thereafter, the court ordered Plaintiffs to tender a memorandum of law responding to the numerous "merits" arguments proffered by Defendant as to why Counts I and II ought to be dismissed. Ostensibly responding to that order, Plaintiffs filed a supplementary brief which this court then took under advisement in conjunction with the other memoranda of law that had already been received.

### III. DISCUSSION

Defendant's motion requires very little discussion, particularly given the lack of

3

any meaningful response by Plaintiffs to Defendant's merits-based arguments, even in Plaintiffs' supplementary brief.  First, with regard to Count I, Defendant correctly observes that, because of its focus on 15 U.S.C. § 1681s-2, that cause of action must allege either a violation of subsection (a) of that portion of the FCRA (which describes the general duty of furnishers of credit information, such as Defendant, to provide accurate information) or a violation of subsection (b) of that portion of the FCRA (which mandates more specific duties of furnishers upon notice of a dispute).  *Islam v. Option One Mortg. Corp.*, 432 F. Supp. 2d 181, 185 (D. Mass. 2006).  Subsection (a), however, does not provide consumers such as Plaintiffs with a private right of action. *See id.*  As District Judge William G. Young has explained:

> The FCRA provides two individual rights of action:  willful noncompliance, *id.* § 1681n, and negligent noncompliance, *id.*, § 1681o.  These private rights of action, however, are limited to violations of Subsection (b) (post-notice duties) and are explicitly precluded from use in enforcing Subsection (a) (general duties).  *Id.* § 1681s-2(c).  Instead, Subsection (a) is to be enforced by federal and state officials.  *Id.* § 1681s-2(d).

*Id.* (citing *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1009-10 (S.D. Iowa 2003)).  Hence, Plaintiffs can only allege a violation of subsection (b).

Plaintiffs, however, never address the many meritorious arguments Defendant makes with regard to subsection *(b)*.  For example, Plaintiffs fail to address the following three points:  (1) that any allegations prior to mid-June of 2009, when Plaintiffs applied for their mortgage, are of no legal consequence under subsection (b) (see Brief in Supp. of Def.'s Motion to Dismiss ("Def.'s Brief") at 7-10); (2) that to hold

Defendant liable for damages stemming from Plaintiffs' mortgage application would impermissibly twist subsection (b) into a "strict liability scheme," (see Def.'s Brief at 8-9 (citing *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 608 (7th Cir. 2005)); and (3) that Plaintiffs' own failure to dispute the debt on Mr. Barrepski's credit report is fatal to any claim under subsection (b) (see Def.'s Brief at 7-8). Rather, Plaintiffs merely contend that Defendant was required -- pursuant to subsection *(a)* -- to furnish Experian with accurate information. (See Second Opp'n to Def.'s Motion to Dismiss at 5-8.) As noted above, however, Plaintiffs' reliance on subsection (a) is misplaced.[2]

The balance of Plaintiffs' argument with respect to Count I also does not address the merits of Defendant's arguments but, rather, resurrects the so-called "default" issues which have already been resolved by the court. (See *id.* at 3-5.) To be sure, near the end of their brief Plaintiffs attempt to make a "wilfulness" argument -- *i.e.*, that Defendant's inaction vis-a-vis Experian was also "wilful and malicious" pursuant to 15 U.S.C. § 1681n (see *id.* at 8-9) -- but again they fail to tie that argument to subsection (b), the only statutory provision under which they may conceivably have a private right of action. *See Islam*, 432 F. Supp. 2d at 185. Accordingly, the court has little choice but to recommend that Defendant's motion with respect to Count I be allowed since, in sum, that cause of action fails to state any claim upon which relief may be granted. *See also Iqbal*, 129 S. Ct. at 1949 (noting that even "[a] pleading that offers labels and

---

[2] Granted, Plaintiffs claim to be proceeding under "15 U.S.C. [§]1681s-2*(b)*." (*Id.* at 5 (emphasis added).) However the statutory language they actually cite and then rely upon comes from subsection *(a)*, specifically 15 U.S.C. § 1681s-2(a)(1)(B).

5

conclusions or a formulaic recitation of the elements of a cause of action will not do.") (citation and internal quotation marks omitted).

Count II, in the court's view, should also be dismissed pursuant to Rule 12(b)(6). As Defendant observes, again without any counter-argument from Plaintiffs, the FCRA specifically preempts "the laws of any State" with respect to any subject matter regulated thereunder. 15 U.S.C. § 1681t(b)(1)(F). This includes both defamation claims as well as any claim under Mass. Gen. L. ch. 93, § 54A, the statute Plaintiffs cite in Count II. *See Islam*, 432 F. Supp. 2d at 194; *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 433 (D. Mass. 2007); *Dawe v. Capital One Bank*, 2007 Westlaw 3332810, at *2 (D. Mass. Oct. 24, 2007) (Saylor, J.).

### IV. CONCLUSION

For the reasons stated, the court recommends that Defendants' motion to dismiss be ALLOWED.[3]

DATED: June 18, 2010

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

                                    /s/   Kenneth P. Neiman
                                    KENNETH P. NEIMAN
                                    U.S. Magistrate Judge