UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANK M. BARREPSKI, JR.        )
and CARRIE M. BARREPSKI,       )
    Plaintiffs              )
                               )
                 v.            )   C.A. NO. 09-cv-11419-MAP
                               )
CAPITAL ONE BANK (U.S.A.),     )
N.A., and EXPERIAN,            )
    Defendants              )


MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT CAPITAL ONE BANK'S MOTION TO DISMISS
(Dkt. Nos. 2 & 13)

September 21, 2010

**PONSOR, D.J.**

    Plaintiffs, proceeding pro se, have brought suit against Capital One Bank (U.S.A.), N.A. ("Capital One") for credit reporting violations.  Two of the complaint's four counts are directed to Capital One and the other two are directed to the co-defendant Experian, which has filed no responsive pleading and for whom no attorney has appeared.

    Defendant Capital One filed a Motion to Dismiss both counts directed towards it (Dkt. No. 2), which was referred to Magistrate Judge Kenneth P. Neiman for report and recommendation.  On June 18, 2010, Judge Neiman issued his Report and Recommendation, to the effect that Defendant's motion should be allowed.  Plaintiffs have objected to this Report and Recommendation, and Capital One has responded to

these objections.

Having reviewed the Report and Recommendation and finding it meritorious, the court, upon de novo review, will adopt Judge Neiman's Report and Recommendation and will allow Defendant Capital one's motion.

Given the scrupulousness of Judge Neiman's Report and Recommendation, extended discussion is not necessary.  As he points out, no private cause of action may be pursued under 15 U.S.C. § 1681s-2(a).  Islam v. Option One Mortg. Corp., 432 F. Supp. 2d, 181, 185 (D. Mass. 2006).  Plaintiffs' efforts to articulate a cause of action under 15 U.S.C. § 1681s-2(b) fail as a matter of law.  Moreover, the preemptive effect of the Fair Credit Reporting Act is fatal to the state law cause of action offered in Plaintiffs' second count against Capital One.  The arguments offered by Plaintiffs in opposition to dismissal for the first time in their objections to the Report and Recommendation are not permitted under the case law governing references to magistrate judges.  See Borden v. Sec'y. of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987).  Moreover, for the reasons set forth in Defendant's response, the additional arguments cannot save the complaint in any event.

For these reasons, the court hereby ADOPTS the Report and Recommendation (Dkt. No. 13).  Based upon this, the

court hereby ALLOWS Defendant's Motion to Dismiss (Dkt. No. 2).

Since the court's ruling disposes of any claims against Capital One, the only viable Defendant remaining is Experian, for whom no lawyer has appeared. Plaintiffs will file a written report to this court no later than October 8, 2010, confirming that the co-defendant Experian has been properly served and setting forth their intentions with regard to seeking default or pursuing this Defendant in some other manner. Absent such a report, the court will dismiss the claims against Experian and order this case closed.

It is So Ordered.

                                    /s/ Michael A. Ponsor
                                    MICHAEL A. PONSOR
                                    U. S. District Judge